IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**SEAWARD SERVICES, INC.**

        **Plaintiff,**             **CIVIL ACTION NO.**

**v.**

**THE UNITED STATES OF AMERICA,**

        **Defendant.**

## COMPLAINT

Seaward Services, Inc. ("Plaintiff" or "Seaward"), sues the United States of America ("USA"), and alleges as follows:

## NATURE OF ACTION

1. This is an action for breach of contract wherein Seaward is suing the USA because Great Eastern Group, Inc. ("GEG"), a direct contractor with the USA, through the United Naval Supply Systems Command ("NAVSUP") has failed to pay Seaward for services it performed on United States Navy Vessel as a subcontractor of GEG.

## PARTIES

2. Seaward is a Florida Corporation with business offices and operations in various locations in the State of Florida.

3. The United States of America is a sovereign nation and the owner of four training vessels called the TSV-1 PREVAIL, TSV-2 HUGO, TSV-3 HUNTER and TSV-4 NARRAGANSETT (sometimes collectively referred to herein as the "Vessels").

## JURISDICTION AND VENUE

4.  This court has subject matter jurisdiction over this matter pursuant to the Suits in Admiralty Act, 46 U.S.C. app. §§ 30901 *et seq* (1988), the Public Vessels Act, 46 U.S.C. 31101 *et seq*, and/or the Maritime Commercial Instruments and Liens Act ("MCILA"), 46 U.S.C. §§ 31301-31343 (1988) as Seaward supplied certain necessary goods and services to the Vessels that give rise to maritime liens.

5.  Venue is proper in this court pursuant to, among other bases, 46 U.S.C. § 30906, as Seaward is a Florida Corporation, maintains offices and/or business operations located in Florida and one or more of the Vessels are or will be located within the within the jurisdiction of this Honorable Court during the pendency of these proceedings.

## FACTS

6.  Seaward is engaged in, among other things, the business of providing crew and crew related services to vessels in navigation.

7.  USA, through the United States Navy, was and is the owner of the Vessels.

8.  USA, through NAVSUP, contracted with GEG, Contract No. N00189-18-C ("Prime Contract"), to provide certain services to the Vessels, including manning and/or crewing the Vessels with certain specified crewmembers to aid in the operation and navigation of the Vessels. The SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS Number NOO18917R0065 and related amendments is attached hereto as Exhibit "1" and incorporated by reference herein.

9.  In turn, on April 9, 2018, GEG entered into a Subcontract Agreement ("Subcontract") with Seaward to provide certain crew to the Vessels per the Prime Contract. A copy of the Subcontract is attached hereto as Exhibit "2" and incorporated by reference herein.

10. The Subcontract specifically called for Seaward to provide the following services:

I. Customer Communication – Subcontractor will conduct work activities and be under the direction of the Contractor Program Manager and each vessel's Government Master as part of the vessel's crew. Subcontractor shall maintain and record time sheets and other required documentation.

II. Personnel – Subcontractor will provide personnel in accordance with the above referenced documents. The following table illustrates the planned crew staffing split between GEG and Seaward.

The crewmen to be supplied for each vessel were specifically set out in the Subcontract.

11. Per the Prime Contract and custom and practice of the USA, Seaward was approved by USA to provide the services enumerated in the Subcontract for the Vessels.

12. Seaward duly provided the services under the Subcontract and otherwise fulfilled its obligation under the Subcontract.

13. However, during the pendency of the term of the Subcontract, GEG failed to pay Seaward for the services Seward provided to the Vessels despite demand for same.

14. As a result, on November 18, 2019, Seaward notified USA, through the NAVSUP Contracting Officer, that Seaward had not been paid for past services and continued to provide services to the Vessels for which it was not being paid. The Notice of Nonpayment by Prime under Contract No. N00189-18-C-0003 is attached hereto as Exhibit "3" and incorporated by reference herein.

15. Despite Seaward's continued performance under the contract, GEG did not pay Seaward and the USA took no meaningful action to assist or ensure payment.

16. Faced with no other option, Notice of Intent to Stop Work due to Nonpayment by Prime ("Notice") was issued by Seaward to NAVSUP on November 25, 2019. A copy of the Notice is attached hereto as Exhibit "4" and incorporated by reference herein.

17. To date, $1,194,652.86 is owed to Seaward for the services provided to the Vessels under the Prime Contract and Subcontract.

**CAUSE OF ACTION**
**(Seaward Entitled to Maritime Lien)**

18. Seaward incorporates by reference paragraphs 1-17 of the Complaint above as if fully set forth herein.

19. The costs for the services for each of the vessels are set out below:

| | |
|---|---|
| TSV-1 PREVAIL | $77,607.43 |
| TSV-2 HUGO | $298,550.13 |
| TSV-3 HUNTER | $352,049.99 |
| TSV-4 NARRAGANSETT | $466,445.31 |
| TOTAL | $1,194,652.86 |

20. To date, no payment has been made on the amount due.

21. The services rendered by Seaward to the Vessels are necessaries provided to the Vessels pursuant to 46 USC 31342.

22. USA, through NAVSUP, approved and authorized the services in advance of performance, during the course of the services and/or otherwise ratified the services rendered.

23. As a result, Seaward has a maritime lien against the Vessels for the amount due for the services rendered to each as set forth above.

24. Seaward is entitled to assert its maritime lien rights against defendant in an *in personam* action pursuant to the Suits in Admiralty Act, 46 U.S.C. App. §§ 741–52 (1988), and the Maritime Lien Act, 46 U.S.C. §§ 31341–43 (1988).

WHERFORE, Seaward Services prays that due process of law be issued against defendant, the United States of America, requiring it to answer the Complaint of Seawards Services, Inc., and that, after due proceedings had, there be judgment in favor of Seaward Services, Inc. and against the United States of American in the amount of $1,194,652.88, plus interests, costs and attorney fees, and any other remedy that the justice of the cause may require.

Dated:  October 8, 2020             Respectfully submitted,


          /s/ Kevin E. Hyde
          Kevin E. Hyde, Esq.
          khyde@foley.com
          Leonard V. Feigel, Esq.
          FL Bar No. 0027752
          lfeigel@foley.com
          Foley & Lardner LLP
          One Independent Drive, Suite 1300
          Jacksonville, Florida  32202
          Telephone: (904) 359-2000
          Facsimile: (904) 359-8700

          Kent B. Ryan, Esq. *(to be admitted pro hac vice)*
          kryan@millerlaw-firm.com
          Miller Hahn, PLLC
          One Canal Street, Suite 860
          New Orleans, LA 70130
          Telephone: (504) 684-5044
          Facsimile: (866) 578-2230

          *Attorneys for Plaintiff, Seaward Services, Inc.*